**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ARNOLD KIRSHENBAUM** | * | |
| 908 Lamberton Drive | * | |
| Silver Spring, Maryland 21234 | * | |
| | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: |
| | * | |
| **CENLAR FSB** | * | |
| 425 Phillips Boulevard | * | |
| Ewing, New Jersey 08618 | * | |
| | * | |
| | * | |
| <u>Serve on</u> : | * | |
| CT Corporation System | * | |
| 111 Eighth Avenue | * | |
| New York, New York 10011 | * | |
| | * | |
| | * | |
| Defendant | * | |
| | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPAINT**

COMES NOW the Plaintiff, Arnold Kirshenbaum (hereinafter "Plaintiff") by undersigned counsel, and for his Complaint Alleges as follows:

**JURISIDICTION AND VENUE**

1.     This is a civil action to recover for actual, statutory and punitive damages, reasonable attorney's fees, and cost pursuant to 15 U.S.C. §1681 *et seq*. (Fair Credit Reporting Act).

2.     The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) (2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

4.      The Plaintiff is a natural person and resident of the State of Maryland.  He is a "consumer" as defined by 15 U.S.C. §1681a(c).

5.      Upon Information and belief, Defendant Cenlar FSB ("Cenlar") is a servicer of mortgage loans in all 50 states.  One of Plaintiff's mortgages (on a Maryland property) is serviced by Cenlar.

## FACTS

6.      In January, 2010, Plaintiff received a letter from PMI Mortgage Services Co. ("PMI") that he was delinquent on his mortgage payments concerning a property he owns at 3210 Leisure World Boulevard, Silver Spring, Maryland 20906 (Loan Number 0029728920). PMI is Cenlar's mortgage guarantor for the above referenced loan.

7.       The PMI letter came as a total shock to Plaintiff who had always made timely mortgage payments on the aforementioned loan.  In fact, Plaintiff's credit score had always been in the 800's.  In response to the PMI letter, Plaintiff immediately contacted Cenlar, PMI and eventually Experian Information Solutions, one of the country's major credit responding companies.

8.      Representatives of both Cenlar and PMI indicated that the Plaintiff's concerns would be researched and if his contention was confirmed, the record would be corrected and the three major credit bureaus would be informed accordingly.

9.     Confident that he had never made a late payment, the Plaintiff had every reason to expect that he would not have to worry about this issue again, that Cenlar, as the servicer of his loan payments would promptly correct its mistake following reasonable investigation.

10.     Initially, it appeared that Cenlar had had seen the error of its way when its representative Tracey Perry indicated to the Plaintiff in a letter dated June 18, 2010, that after completing a review of his account, Cenlar had reported to the major credit bureaus that the loan had been listed a "paid as agreed".  Although Plaintiff had been upset that it had taken several months to (apparently) correct the erroneous information, he was under the belief that his record had been cleared.  This was extremely important to him because he was starting to work with a loan originator who was going to help him refinance two of his properties and a pristine credit record without any mortgage "lates" was paramount to obtaining the best market rates.

11.     Unfortunately Plaintiff's problems with his erroneous credit reports were not solved.  Plaintiff received a second letter from PMI on July 16, 2010, that it had been notified by Cenlar that Plaintiff had become delinquent on his loan, indicating a past due balance of $ 3,267.09.  According to PMI's letter, this information was provided to PMI by Cenlar on June 22, 2010, four days after Cenlar's "apology" letter to the Plaintiff.

12.     Although at the time Plaintiff did not notice the peculiar timing of Cenlar's notice to PMI, he called PMI and asked them to review Cenlar's June 18, 2010 apology letter that he proceeded to fax to them. Plaintiff assumed that between Cenlar and PMI, the issue of erroneous report of delinquent payments would be cleared up.

13.     However, when Plaintiff was attempting to refinance several of his properties as discussed above, his loan originator, Bryan Jakubowski ("Jakubowski") informed him that a credit pull on October 18, 2010 still showed the late payments from all three major credit

reporting agencies, Experian, Trans Union and Equifax.  Jakubowski informed Plaintiff that the 3.5% rate he expected to lock in for the two properties was not available from any lender because the 60 day "late" payments listed on his credit reports were for his mortgage.

14.    Plaintiff was very upset by this news and he and Jakubowski contacted Cenlar to try to understand why, after all the time that had passed, Plaintiff's credit reports continued to show the erroneous "lates".   Ron Underwood in Cenlar's customer service department told Jakubowski on December 7, 2010 that the matter would be researched and a letter with the results would be sent to the Plaintiff.

15.    Subsequently, by letter dated December 9, 2010, Cenlar's Corporate Research Department wrote the following letter to Plaintiff:

> Dear Customer:
>
> This is to acknowledge receipt of your request for an adjustment to the credit bureau reporting on the above loan.
>
> We have completed our review of your account and determined that your loan has never been late; therefore we have reported to the major credit bureau agencies that your loan has been "paid as agreed."
>
> We apologize for any inconvenience caused by this error.  Please contact us if you have any questions or concerns.
>
> Sincerely,
>
> Corporate Research Department

16.    Finally, in January 2011, Jakubowski pulled the Plaintiff's credit reports from the three major reporting firms and finally, the derogatory had been removed but at substantial damage and detriment to the Plaintiff.

## COUNT I:  VIOLATION OF FAIR CREDIT REPORTING ACT

### 15 U.S.C, §1681s-2(b) (1) (A)

17.     Plaintiff realleges and incorporates paragraphs 1 through 16 above as if fully set out herein.

18.     On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Cenlar violated the Fair Credit Reporting Act 15 U.S.C, §1681s-2(b) (1)(A) by failing to fully and properly investigate the Plaintiff's disputes of Cenlar's representations.

19.     As a result of this conduct, action and inaction of Cenlar, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

20.     Cenlar's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Cenlar was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

21.     The Plaintiff is entitled to recover actual damages, statutory damages, cost and attorneys fees from Cenlar in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

## COUNT II:  VIOLATION OF FAIR CREDIT REPORTING ACT

## 15 U.S.C, §1681s-2(b) (1) (B)

22.     Plaintiff realleges and incorporates paragraphs 1 through 21 above as fully set out herein.

23.     On one or more occasions within the two years prior to filing of this suite, by example only and without limitation, Cenlar violated the Fair Credit Reporting Act, 15 U.S.C, §1681s-2(b) (1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

24.     As a result of this conduct, action and inaction of Cenlar, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

25.     Cenlar's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Cenlar was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

26.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from the defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

## COUNT III:  VIOLATION OF FAIR CREDIT REPORTING ACT

## 15 U.S.C, §1681s-2(b) (1) (C) and (D)

27.     Plaintiff realleges and incorporates paragraphs 1 through 26 above as fully set out herein.

28.     On one or more occasions within the two years prior to filing of this suite, by example only and without limitation, Cenlar violated the Fair Credit Reporting Act, 15 U.S.C, §1681s-2(1) (C) and (D) by publishing its representations within Plaintiff's credit file with Equifax, Experian and Trans Union without also including the notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

29.     As a result of this conduct, action and inaction of Cenlar, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

30. Cenlar's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Cenlar was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

31. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from the defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

Respectfully submitted,

_____ /s/_____
Sheldon N. Jacobs, (Bar No. 06871)
Law Office of Sheldon N. Jacobs
11 Rainbow Court
Owings Mills, Maryland 21117
(41) 654-6455 (Phone)
(206) 376-0264 (Fax)
sjacobs@snjlaw.com

Attorney for Plaintiff

JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,


_____ /s/_____
Sheldon N. Jacobs, (Bar No. 06871)
Law Office of Sheldon N. Jacobs
11 Rainbow Court
Owings Mills, Maryland 21117
(41) 654-6455 (Phone)
(206) 376-0264 (Fax)
sjacobs@snjlaw.com

Attorney for Plaintiff